<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **SANI-PURE FOOD LABORATORIES, LLC,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 13-6643 (ES)** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| **BIOMERIEUX, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**SALAS, DISTRICT JUDGE**

## I.      INTRODUCTION

Pending before this Court is Defendant bioMérieux, Inc.'s ("BMI") Motion to Dismiss. (D.E. No. 5).  Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b), BMI moved to dismiss Counts I-VII of Plaintiff Sani-Pure Food Laboratories, LLC's ("Sani-Pure") complaint. (*See* D.E. No. 1-3, Plaintiff's Complaint ("Compl.")).  The Court has jurisdiction under 28 U.S.C. § 1332(a).  Having considered the parties' submissions in support of and in opposition to the instant motion, pursuant to Federal Rule of Civil Procedure 78(b), the Court decides the instant motion without oral argument.  For the reasons set forth below, Defendant's motion is GRANTED.

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]

Sani-Pure is a commercial laboratory that performed lab tests on food, environmental samples, and pharmaceutical products for the purpose of determining the presence, or lack thereof,

---

[1] For the purpose of adjudicating motions filed pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept the factual allegations pled by Plaintiff as true. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Therefore, the relevant facts presented herein are those gleaned from Plaintiff's Amended Complaint.

of bacteria and other contaminants.  (Compl. ¶ 1).  In order for Sani-Pure's lab test results to be accepted by customers, the reagents (substance that causes chemical reactions), hardware and software systems employed in the testing process required approval by various government entities such as the Food and Drug Administration ("FDA"), the United States Department of Agriculture ("USDA"), the Environmental Protection Agency ("EPA") and American Public Health Association ("APHA").  (Compl. ¶ 3).

In 2008, BMI offered to sell the Tempo system, an automated testing system using BMI's proprietary hardware, software and reagents, to Sani-Pure.  (Compl. ¶ 4).  According to Sani-Pure, BMI's website, as well as a BMI sales representative, Bryan Demenna, represented to Sani-Pure that the Tempo system had received the required government approvals.  (Compl. ¶¶ 5, 6).  Relying on BMI's representations, Sani-Pure agreed to purchase the Tempo system from BMI.  (Compl. ¶ 7).

Subsequently, Sani-Pure discovered that certain Tempo system applications were defective in that they had not received the necessary approvals from various government agencies.  (Compl. ¶ 8).  Furthermore, Sani-Pure also discovered that the applications that were approved did not function on various samples for which they had government approval.  (*Id*.).  In October 2012, Sani-Pure sold its assets.  The buyer, however, refused to purchase the Tempo system because of its defects and also declined to assume the purchase requirement contract that Sani-Pure had with BMI.  (Compl. ¶ 10).

On or about September 12, 2013, Sani-Pure filed suit in New Jersey Superior Court, Bergen County, against BMI alleging fraud, negligent misrepresentation, breach of the New Jersey Consumer Fraud Act, and breach of express and implied warranties.  (Compl. ¶¶ 14-19).   On November 1, 2013, BMI removed the instant action.  (D.E. No. 1, Notice of Removal).   On

November 22, 2013, BMI filed the instant motion to dismiss.  (D.E. No. 5).  On December 20, 2013, Sani-Pure filed its opposition.  (D.E. No. 8).  BMI did not file a reply.  The instant motion is now ripe for adjudication.

### III.    LEGAL STANDARD

#### A.    Motion to Dismiss for Failure to Comply with Rule 9(b)

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement concerning allegations of fraud.  *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 435 (D.N.J. 2012).  This heightened pleading requirement applies to New Jersey Consumer Fraud Act ("NJCFA") claims.  *Id*.

Rule 9(b) requires that "a party must state with particularity the circumstances constituting the fraud or mistake."  Fed. R. Civ. P. 9(b).  The intended purpose of the heightened pleading requirement is to require the plaintiff to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which it is charged.'"  *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223-224 (3d Cir. 2004)); *see also Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).  "To satisfy this heightened standard, the plaintiff must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  *Frederico*, 507 F.3d at 200.  "Plaintiff must also allege who made the misrepresentation to whom and the general content of the misrepresentation."  *Lum,* 361 F.3d at 224 (internal citation omitted); *Wiatt v. Winston & Strawn, LLP*, No. 10-6608, 2011 WL 2559567, at *17 (D.N.J. June 27, 2011) ("Plaintiff must also allege who made the purported misrepresentation and what specific misrepresentations were made.").

In sum, the Third Circuit has advised that, "at a minimum, a plaintiff must support allegations of fraud with all the essential factual background that would accompany the first paragraph of any newspaper story – that is, the 'who, what, when, where and how' of the events at issue." *In re Rockefeller Center Prop. Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997)).

**B.      Motion to Dismiss for Failure to State a Claim: Rules 12(b)(6) & 8(a)**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In *Iqbal*, the Supreme Court established a two-step process for determining whether a complaint raises a right to relief above the speculative level. *Id.* First, a court must identify any conclusory allegations, as they are "not entitled to the assumption of truth." *Id.* Second, the court must consider if the assumption of truth attributed to the non-conclusory factual allegations plausibly suggests an entitlement of relief. *Id.* Determining whether the allegations are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief." While the pleading requirement announced by Rule 8(a)(2) does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*,

556 U.S. at 678.  The short and plain statement required by Rule 8(a)(2) must provide notice to

the defendant of the nature of the plaintiff's claim and the basis for the claim.  *See Twombly,* 550

U.S. at 545.

Finally, a district court deciding a motion to dismiss generally does not consider materials

beyond the pleadings.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.  "In deciding

a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the

complaint, matters of public record, as well as undisputedly authentic documents."  *Mayer v.

Belichick,* 605 F.3d 223, 230 (3d Cir. 2010).

## IV.    DISCUSSION

As an initial point, Sani-Pure requested that the Court convert the instant motion into one

for summary judgment because "the motion incorporates substantial material that is not in the

record."  (*See* D.E. No. 8, Plaintiff's Opposition Brief ("Pl. Opp. Br.") at 1).   The "substantial

material" Sani-Pure refers to are the background facts that BMI provides in its moving brief that

BMI admits are not germane to the disposition of the instant motion.  (*See* D.E. No. 5-2, Brief in

Support of Defendant's Motion to Dismiss ("Def. Mov. Br.") at 2).   Additionally, Sani-Pure,

proceeding as if the Court will convert the instant motion into one for summary judgment, has

attached to its opposition brief a declaration by Ronald Schnitzer, a managing member of Sani-

Pure.  (*See* D.E. No. 8-1) ("Schnitzer Declaration").  In its opposition brief, Sani-Pure makes

reference to facts contained in the Schnitzer Declaration—facts that are not in the complaint.

To be clear, this Court "may not consider matters extraneous to the pleadings."  *In re

Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426; *Mayer*, 605 F.3d at 230.  Consequently, the

Court will not consider the facts contained in the Schnitzer Declaration that Plaintiff proffers in an

attempt to cure the alleged deficiencies in its complaint.  *See Commonwealth of Pa.* ex. rel.

*Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotations omitted).  Neither will the Court consider the "background facts" contained in BMI's moving brief. The Court also declines to convert the instant motion to dismiss into a motion for summary judgment because the Schnitzer Declaration, attached to Sani-Pure's opposition brief, is not a document that is integral to, or explicitly relied upon in Sani-Pure's complaint.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426 (stating that a court can consider a document "integral to or explicitly relied upon in the complaint").

### A.  Sani-Pure's Fraud Based Claims (Counts I - IV)

In moving to dismiss Count I (Fraud), Count II (Equitable Fraud), Count III (Negligent Misrepresentation), and Count IV (Breach of the New Jersey Consumer Fraud Act) of Sani-Pure's complaint, BMI argues that these claims, as pleaded, do not contain the specificity required by Federal Rule of Civil Procedure 9(b).  (Def. Mov. Br. at 5).  Specifically, BMI states that Sani-Pure's complaint "is devoid of the dates, time, and place of the alleged fraud, or even the alleged individual to whom the alleged misrepresentations were made."  (*Id*. at 9).

In opposition, Sani-Pure does not point to any allegations in its complaint that satisfy the heightened Rule 9(b) pleading requirement.  Instead, Sani-Pure refers to facts contained in the Schnitzer Declaration—facts that are not articulated in its complaint and therefore not to be considered by the Court.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426. Effectively conceding the deficiencies in its complaint, Sani-Pure requests: "[i]n the alternative, if the court limits the motion to the pleadings and grants the requested relief, [Sani-Pure] would request leave to file an amended complaint to cure the alleged deficiencies."  (Pl. Opp. Br. at 1).

Having reviewed Sani-Pure's complaint, the factual averments and allegations that are relevant to the disposition of the instant motion are summarized below:

> "BMI's online literature stated that the Tempo system had received all necessary government approvals to permit SP to perform testing for SP's food, environmental and pharmaceutical customers' applications." (Compl. ¶ 5);

> "BMI's sales representative, Bryan Demenna, also represented to SP that the Tempo system had received all necessary governmental approvals to permit SP to perform testing for SP's food, environmental and pharmaceutical customers' applications." (Compl. ¶ 6);

> "In reasonable reliance upon the foregoing representations, SP entered into various agreements to purchase the Tempo system hardware, software and reagents." (Compl. ¶ 7);

> "Contrary to BMI's representations, the Tempo system was defective and not as represented by BMI in material ways. . . ." (Compl. ¶ 8);

> "BMI knew that the Tempo system had not received the regulatory approvals that BMI represented it had received and did not perform as represented." (Compl. ¶ 9); and

> "As a result of the fraudulent and negligent misrepresentations of BMI, and the defects of the Tempo system and many of its reagents, [Sani-Pure] was damaged in various ways. . . ." (Compl. ¶ 11).

### 1. Fraud and Equitable Fraud (Counts I & II)

The five elements of common law fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997) (citing *Jewish Ctr. of Sussex Cnty. v. Whale*, 432 A.2d 521, 524 (N.J. 1981)).  The only elemental distinction between common law fraud and equitable fraud is that equitable fraud does not require scienter.  *Bonnco Petrol, Inc. v. Epstein*, 560 A.2d 655, 660 (N.J. 1989) ("The elements of scienter, that is, knowledge of the falsity and an intention to obtain an undue advantage therefrom, are not

essential if plaintiff seeks to prove that a misrepresentation constituted only equitable fraud."). Claims of common law and equitable fraud are subject to the pleading requirement of Rule 9(b); therefore, the "circumstances constituting fraud" must be pleaded with sufficient particularity. Fed. R. Civ. P. 9(b).

In failing to identify whom BMI made the alleged misrepresentation to, and by not stating when the misrepresentations were made, Sani-Pure has failed to inject the necessary particularity required by Rule 9(b).  As such, Sani-Pure's common law and equitable fraud claims are dismissed, *without prejudice*.

### 2. *Negligent Misrepresentation (Count III)*

To state a claim for negligent misrepresentation, a plaintiff must allege: (1) an incorrect statement; (2) that the statement was made negligently; (3) that the statement was justifiably relied upon; and (4) that economic damages were caused by reliance on the incorrect statement. *McClellan v. Feit,* 870 A.2d 644, 650 (N.J. Super. Ct. App. Div. 2005) (quoting *H. Rosenblum, Inc. v. Adler,* 461 *A*.2d 138, 142-43 (N.J. 1983)).  Because Sani-Pure's claim for negligent misrepresentation sounds in fraud, it must meet the heightened pleading requirement of Rule 9(b). *See In re Suprema Specialties, Inc.,* 438 F.3d 256, 270 (3d Cir. 2006) (noting that where "plaintiff grounds [his claims] in allegations of fraud—and the claims thus 'sound in fraud'—the heightened pleading requirements of Rule 9(b) apply").

Sani-Pure's claim for negligent misrepresentation is subject to dismissal for the same reasons as its fraud claims—Sani-Pure's failure to state the time, place and the person to whom the alleged misrepresentations were made.   Therefore, the Court dismisses Count III, *without prejudice*.

### 3. Breach of the New Jersey Consumer Fraud Act (Count IV)

To establish a claim under the NJCFA, Plaintiffs must plead "(1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal relationship between the unlawful conduct and the loss." *Prof'l Cleaning & Innovative Bldg. Servs. Inc. v. Kennedy Funding, Inc.*, 245 F. App'x 161, 165 (3d Cir. 2007); *Glass v. BMW of N. Am.*, No. 10-5259, 2011 WL 6887721, at *3 (D.N.J. Dec. 29, 2011). "[T]he Act should be construed liberally in favor of consumers." *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 461 (N.J. 1994).

Claims brought under the NJCFA are subject to the particularity requirements of Rule 9(b). *See F.D.I.C. v. Bathgate,* 27 F.3d 850, 876–77 (3d Cir. 1994) (affirming district court's application of Rule 9(b) to Consumer Fraud Act claim). Accordingly, Sani-Pure must plead each element of a NJCFA claim with the requisite specificity to "place the defendant on notice of the [unlawful] conduct for which it is charged." *See Frederico*, 507 F.3d at 200. The Third Circuit has described specificity as the "date, place or time of the fraud" or some "alternative means of injecting precision and some measure of substantiation into [the] allegations of fraud." *Lum*, 361 F.3d at 224 (internal quotations and punctuation omitted). "Plaintiffs must also allege who made a misrepresentation to whom and the general content of the misrepresentation." *Id*.

Although Sani-Pure's allegations of misrepresentations by BMI regarding the Tempo system having obtained the necessary regulatory approvals were arguably sufficiently alleged, (*see* Compl. ¶ 6), Sani-Pure failed to state to whom the alleged misrepresentations were made. Therefore, Sani-Pure failed to adequately allege the first element of its NJCFA claim. Sani-Pure also failed to satisfy the temporal pleading requirement of Rule 9(b), as Sani-Pure does not provide a date or some other sufficiently precise time-frame as to when BMI made the alleged

misrepresentations.    Consequently,  Sani-Pure  has  failed  to  state  a  viable  NJCFA  claim.[2]

Accordingly, the Court dismisses Count IV, *without prejudice*.

### B.  Sani-Pure's Breach of Express and Implied Warranties Claims (Counts V & VI)

BMI has moved to dismiss Sani-Pure's breach of express and implied warranties claims,

arguing that Sani-Pure failed to provide pre-suit notice to BMI of the alleged breach of warranty

as required by North Carolina law, and that the alleged warranties at issue were disclaimed in the

parties' 2011 Reagent Agreement.  (Def. Mov. Br. at 10).[3]

In  opposition,  Sani-Pure  contends  there  are  factual  issues  as  to  whether  the  warranty

disclaimers were sufficiently conspicuous to be enforceable.   (Pl. Opp. Br. at 12).   Additionally,

Sani-Pure counters BMI's "failure to provide pre-suit notice" argument by referencing an e-mail

in which Sani-Pure notified "Sam" at BMI that "[t]he Tempo has become almost unusable from a

regulatory standpoint. Not approved by APHA, EPA, FDA and nutraceuticals. I'm tired of getting

warning letters from regulators." (Pl. Opp. Br. at 11).  Sani-Pure acknowledges that it did not aver

in its complaint that it gave BMI pre-suit notice of the alleged breach of warranties.  (*Id*.).

Pursuant to North Carolina's version of the Uniform Commercial Code, "[w]here a tender

[of goods] has been accepted[:] (a) the buyer must within a reasonable time after he discovers or

should have discovered any breach [of warranties] notify the seller of breach or be barred from

any remedy…"  N.C. Gen. Stat. § 25-2-607(3).  North Carolina courts have interpreted § 25-2-

---

[2] In addition to Sani-Pure failing to adequately plead the unlawful conduct element with the particularity required by Rule 9(b), the Court is also not convinced that Sani-Pure has sufficiently pleaded the ascertainable loss element. However, the Court declines to discuss this element in detail because Sani-Pure's failure to adequately plead unlawful conduct is sufficient to warrant dismissal of the NJCFA claim.

[3] The Court applies the substantive law of North Carolina with respect to Sani-Pure's breach of warranties claims because the Reagent Agreement, which contains a choice of law clause, states that the parties' agreement regarding the Tempo system is governed by the substantive law of North Carolina. (*See* D.E. No. 1-4, Ex. B, 2011 Reagent Agreement, ¶ 12).

607(3) as placing the burden of pleading and proving "seasonable notification" on the buyer. *Maybank v. S. S. Kresge Co.*, 273 S.E.2d 681, 683 (N.C. 1981).

Sani-Pure admitted in its opposition brief, and a review of the complaint confirms, that Sani-Pure failed to allege that it provided BMI with notice of the alleged breach of warranties prior to initiating the instant action. (Pl. Opp. Br. at 11).  Consequently, as a matter of law, Sani-Pure is barred from recovery with respect to its breach of express and implied warranties claims.  *See* N.C. Gen. Stat. § 25-2-607(3).  Therefore, because the facts, as pled by Sani-Pure, fail to state a claim for which relief can be granted, Count V and Count VI of Sani-Pure's complaint are dismissed, *with prejudice*.

Sani-Pure's failure to plead seasonable notification of breach of warranty is an independently sufficient ground to dismiss Count V and Count VI; therefore, the Court need not address BMI's disclaimer of warranty argument.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS**, *without prejudice*, Defendant bioMérieux, Inc.'s motion to dismiss Count I (Fraud), Count II (Equitable Fraud), Count III (Negligent Misrepresentation), and Count IV (Breach of New Jersey Consumer Fraud Act).

Count V (Breach of Express Warranties), Count VI (Breach of Implied Warranties), and Count VII (Rescission)[4] of Sani-Pure's complaint are hereby dismissed, *with prejudice*. An Order shall accompany this Opinion.

*/s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[4]  Under North Carolina law, rescission is an equitable remedy, not an independent cause of action. *Wilson v. Wilson*, 134 S.E.2d 240, 243 (N.C. 1964) ("Rescission, an equitable remedy, is allowed to promote justice."). Sani-Pure does not oppose dismissal of Count VII.  (Pl. Opp. Br. at 15).